OPINION
{¶ 1} Appellant Rebekah E. Edwards appeals the decision of the New Philadelphia Municipal Court, following her plea of no contest to an OMVI charge. The relevant facts leading to this appeal are as follows.
 {¶ 2} On September 11, 2002, at about 2:15 AM, Trooper Glennon of the Ohio State Highway Patrol effectuated a traffic stop of a vehicle being driven by appellant in the vicinity of Dover, Ohio. The initial basis for the stop was Glennon's observation of a missing license plate light. Appellant had two passengers: her brother, Jason Edwards, who was intoxicated and sitting in the passenger seat, and a friend, Sarah Keener, who was seated in the rear of the vehicle.
 {¶ 3} Glennon obtained from his dispatcher information that the owner of the vehicle, appellant's father (who was not present), had a suspended license. Glennon approached and observed the three occupants, and detected an odor of alcoholic beverage emitting from the car's interior. Appellant provided her driver's license, registration and insurance documentation, and complied with the trooper's request to take a seat in the patrol cruiser. Once the two were inside the cruiser, Glennon noticed a strong odor of alcoholic beverage coming from appellant, and he observed that her eyes were bloodshot. Appellant further replied to the trooper that she had recently consumed two beers. Glennon then administered a PBT and HGN test while they were seated in the cruiser. The subsequent BAC Datamaster results were .134. Appellant was charged by the trooper with OMVI and operating a vehicle without a license plate light.
 {¶ 4} Appellant thereafter filed, inter alia, a motion to suppress and a motion to dismiss. Both motions were heard on October 10, 2002, on the issues of reasonable grounds to stop and detain appellant, and for the establishment of an evidentiary foundation for the admission of the BAC Datamaster test results. The magistrate ultimately found reasonable grounds for the stop, and found that the State's exhibits regarding breathalyzer calibration were admissible. Appellant filed an objection to the magistrate's decision, but the trial court overruled same and adopted the magistrate's decision. Appellant thereafter pled no contest, and was found guilty of violating R.C. 4511.19(A)(3) and failing to display a license plate light.
 {¶ 5} Appellant timely appealed, and herein raises the following two Assignments of Error:
 {¶ 6} "I. Article I sec. 14 of the ohio constitution is violated by forcing a defendant to undergo field sobriety tests without reasonable and articulable suspicion being present to request the defendant to perform the tests.
 {¶ 7} "II. The breath test should have been suppressed at the suppression hearing due to the calibration solution affidavit not being properly certified."
 I. {¶ 8} In her First Assignment of Error, appellant contends the field sobriety tests conducted by the trooper were violative of appellant's constitutional rights, and should have been suppressed by the trial court. We disagree.
 {¶ 9} The Fourth Amendment to the United States Constitution and Section 14, Article I, Ohio Constitution, prohibit the government from conducting unreasonable searches and seizures of persons or their property. See Terry v. Ohio (1968),392 U.S. 1; State v. Andrews (1991), 57 Ohio St.3d 86, 87. As an initial matter, we note appellant does not dispute that Trooper Glennon initiated a valid equipment violation stop of the vehicle which appellant was driving. See State v. Schmitzer, Ashland App. No. 01 COA 01443, 2002-Ohio-2861, citing Whren v. United States
(1996), 517 U.S. 806. Our initial task is thus to analyze the reasonableness of the trooper's utilization of field sobriety testing in the context of the traffic stop at issue.
 {¶ 10} "A request made of a validly detained motorist to perform field sobriety tests is generally outside the scope of the original stop, and must be separately justified by other specific and articulable facts showing a reasonable basis for the request." State v. Anez (2000),108 Ohio Misc.2d 18, 26. Appellant argues that at the time of the trooper's first encounter with appellant, while she sat behind the wheel, the only unusual circumstance was the odor of alcoholic beverage emitting from the car's interior, not necessarily from appellant herself. Appellant directs us to State v. Angel, Miami App. No. 2001-CA-11, 2001-Ohio-1355, in which the Second District Court of Appeals aptly noted: "It is not unlawful to drive a car in which one or more passengers are intoxicated. Indeed, the salutary practice of having a `designated driver' assumes that a sober driver may be transporting one or more intoxicated individuals."
 {¶ 11} However, under a "totality of the circumstances" approach (see, e.g., City of Fairfield v. Lucking, Butler App. No. CA2002-12-303, 2004-Ohio-90, at ¶ 8, citing State v.Freeman (1980), 64 Ohio St.2d 291), we find it incumbent to look at the entirety of the events leading to Trooper Glennon's decision to conduct the field sobriety tests, including what transpired after appellant entered the cruiser upon his request. As the Ohio Supreme Court has noted, "[n]umerous courts have held that an officer may ask a driver to sit in his or her patrol car to facilitate the traffic stop." State v. Lozada (2001),92 Ohio St.3d 74, 76, citing State v. Carlson (1995),102 Ohio App.3d 585, State v. Warrell (1987), 41 Ohio App.3d 286, 287, and United States v. Barahona (C.A. 8, 1993), 990 F.2d 412. In the case sub judice, the trooper recalled that once he and appellant were seated on the front seat in the enclosed cruiser, he detected a "strong odor" of alcoholic beverage on appellant (Tr. at 9), and appellant thereupon admitted to recently consuming two beers. Trooper Glennon also detected that appellant's eyes were bloodshot at that time. Id.
 {¶ 12} As appellant points out, the evidence in this case indeed does not reveal erratic driving, or that appellant had trouble walking to the cruiser or pulling out her driver's license and corresponding documents. Furthermore, the trooper did not detect slurred speech during his conversations with appellant. However, while appellant may not have displayed every possible indication of intoxication, we hold reasonable grounds existed for the trooper to proceed with the field sobriety testing and PBT procedure under the circumstances of this case. Cf. State v. Barrett (Feb. 26, 2001), Licking App. No. 00CA-47.
 {¶ 13} Appellant's First Assignment of Error is therefore overruled.
 II. {¶ 14} In her Second Assignment of Error, appellant contends the trial court erred in failing to suppress the breathalyzer results due to the lack of certification of the calibration solution affidavit. We disagree.
 {¶ 15} The magistrate's decision in this regard reads in pertinent part as follows:
 {¶ 16} "As to the calibration records, the Magistrate finds that the trooper identified all records as being photocopies of documents kept at the local post (see Rules of Evid., Rule 901). The Batch affidavit, State's Exhibit D, appears to be a photocopy of a photocopy. However, Evid. Rule 902(1) declares a document under seal and signed to be self authenticating, and no genuine issue has been raised as to the copy's authenticity under Evid. Rule 1003 to render it inadmissible. The motion to suppress the breath test is denied." Magistrate's Decision, November 5, 2002, at 2.
 {¶ 17} At a suppression hearing, the court may rely on hearsay and other evidence, even though that evidence would not be admissible at trial. See Maumee v. Weisner (1999),87 Ohio St.3d 295, 298, quoting United States v. Raddatz (1980),447 U.S. 667, 679. Furthermore, Evid.R. 101(C)(1) provides that the Rules of Evidence are not binding on admissibility determinations made pursuant to Evid.R. 104. Evid.R. 104(A) states as follows: "(A) Questions of admissibility generally. Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility or evidence shall be determined by the court, subject to the provisions of subdivision (B). In making its determination it is not bound by the rules of evidence except those with respect to privileges."
 {¶ 18} Thus, the Ohio Rules of Evidence give a trial judge broad discretion concerning the admissibility of evidence presented at a suppression hearing. Likewise, in State v.Woodring (1989), 63 Ohio App.3d 79, the Eleventh District Court of Appeals, citing the United States Supreme Court's decision inUnited States v. Matlock (1974), 415 U.S. 164, 172, concluded the Rules of Evidence normally "do not operate with full force at hearings before the judge to determine the admissibility of evidence."
 {¶ 19} Therefore, because hearsay evidence is not per se barred from use at a suppression hearing, we find no abuse of discretion in the trial court's adoption of the aforementioned conclusions of the magistrate. Appellant's Second Assignment of Error is overruled.
 {¶ 20} For the reasons stated in the foregoing opinion, the judgment of the New Philadelphia Municipal Court, Tuscarawas County, Ohio, is hereby affirmed.
Wise, J., and Hoffman, P.J., concurs. Farmer, J., dissents.