The STATE of Ohio, Appellee,

v.

BOWERS, Appellant.

[Cite as State v. Bowers, 161 Ohio App.3d 149, 2005-Ohio-2593.]

Court of Appeals of Ohio,
Fifth District, Licking County.

No. 04CA65.

Decided May 24, 2005.

---

Elena V. Tuhy, for appellee.

Robert E. Calesaric, for appellant.

FARMER, Judge.

{¶ 1} On March 28, 2004, appellant, Jimmy Bowers, blew into a breath-alcohol-concentration ("BAC") Datamaster breath-testing machine and tested .153. He was subsequently charged with driving under the influence in violation of R.C. 4511.19(A)(1) and driving outside a marked lane in violation of R.C. 4511.33. Appellant filed several pretrial motions, including a motion to suppress and/or in limine to bar the introduction of the breath-test results. A hearing was held on June 9, 2004. By judgment entry filed June 22, 2004, the trial court denied the motion.

{¶ 2} On August 13, 2004, appellant pleaded no contest to the charges. By judgment entry filed on the same date, the trial court found appellant guilty of the charges. The trial court then sentenced appellant to 30 days in jail, 27 of them suspended, and imposed a fine of $300 plus court costs.

{¶ 3} Appellant filed an appeal, and this matter is now before this court for consideration. The assignment of error is as follows:

{¶ 4} "The trial court erred in not granting appellant-defendant's motion to suppress and/or in limine to exclude the Datamaster breath test."

{¶ 5} Appellant claims that the trial court erred in denying his motion to exclude the results of the BAC Datamaster breath-testing machine. We agree.

{¶ 6} Appellant argues that the state improperly submitted a certified copy of an uncertified copy of the calibration-solution certificate, as it was incomplete and unauthenticated.

{¶ 7} This issue was addressed by this court in *State v. Musick,* Licking App. No. 01CA77, 2002-Ohio-2890, 2002 WL 1274179. In *Musick,* this court found that an unauthenticated or uncertified copy of a calibration-solution affidavit was inadmissible at a suppression hearing and, therefore, that the state had failed to meet its burden. Applying *Musick* to this case, we find that the trial court erred in admitting the certified copy of an uncertified copy of the calibration-solution affidavit. "[T]he authentication of a calibration solution affidavit is a condition precedent to its admission." *State v. Edwards,* Tuscarawas App. No. 2003AP090077, 2004-Ohio-870, 2004 WL 362209, ¶ 21 (Farmer, J., dissenting).

{¶ 8} The sole assignment of error is granted.

{¶ 9} The judgment of the Municipal Court of Licking County, Ohio, is hereby reversed.

Judgment reversed.

BOGGINS, P.J., concurs.

WILLIAM B. HOFFMAN, J., dissents.

BOGGINS, Presiding Judge, concurring

{¶ 10} I concur in the decision in this case but believe that cases from this court and others should be noted.

{¶ 11} This decision follows that of *State v. Keating* (Oct. 13, 1987), 5th Dist. No. CA–7148, Stark County, 1987 WL 18541; *Kirkersville v. Burt* (Nov. 25, 1994), 5th Dist. No. 94–CA–56, Licking County, 1994 WL 728108; *State v. Musick* (June 4, 2002), 5th Dist. No. 01CA77, Licking County; *State v. Koteff* (Apr. 8, 2005), 5th Dist. No. 04–COA–035, Ashland County, 2005 WL 845208; *Columbus v. Robbins* (1989), 61 Ohio App.3d 324, 572 N.E.2d 777; *State v. Brown* (Apr. 13, 1992), 12th Dist. No. CA91–07–043, 1992 WL 75187; and *Cleveland Metroparks v. Ponsford* (Oct. 10, 1996), 8th Dist. No. 68257, Cuyahoga County, 1996 WL 583192.

{¶ 12} This court in *State v. Edwards* (Feb. 24, 2004), 5th Dist. No. 2003AP090077, Tuscarawas County, 2004-Ohio-870, 2004 WL 362209, disagreed on the basis that at a suppression hearing, hearsay evidence is admissible even though at trial it would not be.

{¶ 13} I concur in the opinion, as was stated in *State v. Brown,* that authentication of a certificate is a condition precedent to its admission into evidence, even at a suppression hearing.

WILLIAM B. HOFFMAN, Judge, dissenting.

{¶ 14} I respectfully dissent from the majority opinion. I would affirm the trial court's opinion based on *State v. Edwards* (Feb. 24, 2004), Tuscarawas App. No. 2003AP090077, 2004-Ohio-870, 2004 WL 362209.