[Cite as *In re C.R.*, 2013-Ohio-1724.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

IN RE: C.R.

C.A. No.     12CA0078-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    2012 06 DQ 0428

DECISION AND JOURNAL ENTRY

Dated: April 29, 2013

HENSAL, Judge.

{¶1} The State of Ohio appeals an order of the Medina County Common Pleas Court, Juvenile Division, granting C.R.'s motion to suppress. For the following reasons, we affirm.

I.

{¶2} Officer John Fink was on patrol one evening when he learned that a sergeant had stopped a car that was being driven by someone with an outstanding warrant. He went to assist with the stop. When he arrived, he observed that the driver of the car had been arrested and that the passengers were either standing at the back of a marked police car or seated in one of the cars. According to Officer Fink, the sergeant was inside, or partially inside, the car that he had stopped and was holding a bag. When the sergeant emerged from the car, he asked Officer Fink to find out who the bag belonged to because there was marijuana and drug paraphernalia in it. Officer Fink spoke to the passengers and learned that the bag belonged to C.R. After the police

charged C.R. with possession of marijuana and possession of drug paraphernalia, he moved to suppress the evidence, arguing that the sergeant did not have probable cause to search his bag.

{¶3}　The sergeant who stopped the car did not testify at the hearing on C.R.'s motion. Officer Fink, however, testified about what he saw and did during the stop. C.R. also testified at the hearing. According to C.R., he was sitting in the backseat of the car, wearing the bag when he was asked to step out of the car. C.R. testified that once he was outside of the car, the bag was removed, at the request of the officer and it was placed on the back of the car. The officer then searched C.R. and escorted him to a police car. Additionally, another witness testified that C.R.'s bag was on the back of the car.

{¶4}　Following the hearing, the trial court granted C.R.'s motion to suppress. The court found that the State had not produced competent credible evidence of the basis for the search. Acknowledging that warrantless searches are per se unreasonable and that the State has the burden of proof to establish an exception to the warrant rule, the court concluded that the State had not met its burden. The State has appealed, assigning four errors.

II.

>THE TRIAL COURT ERRED IN GRANTING THE JUVENILE'S MOTION TO SUPPRESS BECAUSE THE RULES OF EVIDENCE DO NOT APPLY AT SUPPRESSION HEARINGS.

{¶5}　The State argues that the trial court should not have prohibited Officer Fink from testifying about where the sergeant found C.R.'s bag. During the suppression hearing, the prosecutor asked the officer if, during his investigation, he was "made aware of information on where that black bag was located in the vehicle[.]" The court sustained an objection to the question. After the court's ruling, the State proffered that Officer Fink would have testified that he learned that the bag "was found in the vehicle."

**{¶6}** A motion to suppress evidence presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8.

> When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard.

*Id.* (citations omitted).

**{¶7}** Evidence Rule 104(A) provides that "[p]reliminary questions concerning * * * the admissibility of evidence shall be determined by the court[.]" "In making its determination it is not bound by the rules of evidence except those with respect to privilege." Evid. R. 104(A); *see also* Evid.R. 101(C)(1) (noting that, under Evid.R. 104, questions about the admissibility of evidence are "determined by the court[.]"). Other Ohio district courts have determined that this rule "gives [a] trial judge broad discretion concerning the admissibility of evidence presented in a suppression hearing." *State v. Woodring*, 63 Ohio App.3d 79, 81 (11th Dist. 1989); *State v. Edwards*, 5th Dist. No. 2003 AP 09 0077, 2004-Ohio-870, ¶ 18.

**{¶8}** The State does not contest that Officer Fink's proffered testimony regarding what the sergeant told him was hearsay which did not fall under an exception to the rule. Rather, it contends that the court should have allowed the testimony because there is not a per se bar on the use of hearsay at suppression hearings. *See* Evid. R. 101(C)(1) and 104(A).

**{¶9}** In its original response to C.R.'s motion to suppress, the State argued that the sergeant had probable cause to search the bag. At the time of the hearing the sergeant was unavailable. The court inquired of the State whether they wished to proceed or continue the matter due to the sergeant's unavailability. The State responded that they would not seek a continuance and wished to proceed. After further inquiry by the court, the State indicated it was

proceeding on the basis that the bag was searched pursuant to a valid inventory search of a motor vehicle. The trial court gave both sides an opportunity to file briefs after the hearing regarding the law and basis of a search due to an inventory of a motor vehicle, which they did.

{¶10} Even if the trial court should have allowed the hearsay evidence at the suppression hearing, it would not have changed the court's ruling on the motion to suppress. The State, therefore, did not suffer prejudice as a result of the exclusion of the hearsay evidence. *See* Crim.R. 52(A); *Woodring*, 63 Ohio App.3d at 81. In finding that the State had "not met its burden of proof," the court noted that the sergeant who seized the bag "was not present at the hearing to testify about where the bag was found or the legal basis for its seizure." On the other hand, C.R. and one of the other passengers of the car testified that the bag was on C.R.'s back when he exited the car. Accordingly, even if Officer Fink had testified that he was told that the bag was found in the car, it would not change the fact that the State did not submit evidence from anyone who was present at the time the bag was found who could testify about where it was found or provide the legal basis for its search.

{¶11} "Hearsay evidence is inherently unreliable because the declarant is not testifying under oath and is not subject to cross-examination." *State v. Lenoir*, 2d Dist. No. Civ.A. 19241, 2003-Ohio-2820, ¶ 17; *see Chambers v. Mississippi*, 410 U.S. 284, 298 (1973); *Pamer v. Foley*, 9th Dist. No. 8000, 1976 WL 188739, *1 (Apr. 14, 1976) ("Hearsay evidence is not competent evidence."). Upon review of the record, we cannot say that Officer Fink's "inherently unreliable" proffered hearsay testimony would have changed the trial court's conclusion that the State failed to meet its burden of proof. *Lenoir* at ¶ 17. The State's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION IN REFUSING TO ADMIT THE VEHICLE INVENTORY DOCUMENT MARKED AS STATE'S EXHIBIT TWO (2) UNDER EVIDENCE RULE 803(6).

{¶12} The State argues that the trial court incorrectly refused to allow it to admit the vehicle inventory report that was generated after the stop. The State attempted to ask Officer Fink about the report, but the court sustained C.R.'s objection to the question because it determined that the officer could not authenticate the report. The State argues that the report was admissible under the business-records exception of the hearsay rule and that Officer Fink did not have to have personal knowledge of the exact circumstances of how it was produced. According to the State, he only had to have a working knowledge of the system used to produce the report.

{¶13} Upon review of the transcript of the hearing on the motion to suppress, we note that the State did not move to admit the vehicle inventory report. It also did not proffer the report or Officer Fink's answer to the prosecutor's question after the court sustained C.R.'s objection. The State, therefore, has failed to preserve the record for appeal, and this Court has nothing to review. *State v. Bobo*, 9th Dist. No. 21581, 2004-Ohio-195, ¶ 6; Evid. R. 103(A)(2). Its second assignment of error is overruled.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN GRANTING THE JUVENILE'S MOTION TO SUPPRESS BECAUSE THE CONTRABAND WAS LOCATED DURING A VALIDLY EXECUTED INVENTORY SEARCH OF THE AUTOMOBILE.

{¶14} The State argues that the trial court should have denied the motion to suppress because the sergeant searched C.R.'s bag pursuant to a valid inventory search. The Ohio Supreme Court has determined that "a standard inventory search * * * of a lawfully impounded automobile does not contravene the Fourth Amendment to the United States Constitution." *State*

*v. Robinson*, 58 Ohio St.2d 478, 480-81 (1979). "To determine if an inventory search is valid, the court must first determine whether the police lawfully impounded the vehicle. A vehicle can be lawfully impounded when the occupant of the vehicle is arrested." *State v. Neal*, 9th Dist. No. 25937, 2012-Ohio-2609, ¶ 7, quoting *State v. Robinson*, 9th Dist. No. 19905, 2000 WL 1587007, *3 (Oct. 25, 2000).

**{¶15}** In this case, it is not disputed that the driver of the car had been arrested at the time of the search. The State asserts that, because the bag was in the car, the sergeant could open it pursuant to an inventory search. It notes that Officer Fink testified that the sergeant "removed a bag from the vehicle and handed it to me" to determine who owned the bag.

**{¶16}** Although Officer Fink's testimony suggests that the bag was inside the car at the time the sergeant decided to impound the car, C.R. presented contrary evidence. According to C.R., at the time of the stop, he was wearing the bag on his back. C.R. testified that it remained on his back when he exited the vehicle. C.R. also testified that an officer later asked him to take it off and place it on the back of the car and that he complied with this request. One of the other passengers of the car corroborated that the bag was on C.R.'s back when C.R. exited the car and that the bag was sitting on the back of the car. The passenger further testified that he saw the sergeant pick the bag up off the back of the car and look inside the bag.

**{¶17}** The trial court found that, because the sergeant did not testify, the State failed to establish that the bag was found in the car or the basis for opening the bag. The State did not argue that the sergeant could have searched the bag pursuant to a valid inventory search if it had been found by the sergeant outside the car. Instead, the State argues that they were prejudiced by the trial court's ruling excluding evidence proffered to establish that the sergeant told Officer Fink that he found the bag inside of the car. In light of C.R. and the other passenger's testimony,

the court's finding was supported by some competent, credible evidence. It, therefore, follows that, when the trial court found that the search of the bag was not incident to a valid inventory search of the car, it did not act in an unreasonable, arbitrary or unconscionable manner. The State's third assignment of error is overruled.

ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED IN GRANTING THE JUVENILE'S MOTION TO SUPPRESS BECAUSE THE SEARCH OF THE JUVENILE'S BAG WAS JUSTIFIED BY OFFICER SAFETY.

{¶18} The State's final argument is that the sergeant was allowed to search the bag pursuant to a protective search. "In the course of a constitutionally valid stop, an officer may conduct a limited search of the subject for weapons when, considering the totality of the circumstances, a reasonably prudent person would be justified in believing that his safety was at risk." *State v. McCray*, 9th Dist. No. 99CA007310, 2000 WL 254909, *2 (Mar. 8, 2000). In this case, however, Officer Fink was not present at the time of the search of the bag. He did not testify about any specific safety risks that the officers faced. According to him, when he arrived, all of the individuals who had been in the stopped car were either secured in a marked police car or standing at the back of a marked police unit accompanied by an officer.

{¶19} According to C.R., officers approached the car with guns out and told them to put their hands up. They got the driver out of the car, and then returned for the rest of them. After he got out, they told him to take his bag off and put it on the back of the car. They patted him down and brought him over to a police car, where they detained him in handcuffs. C.R. testified that the officers treated the other passengers in a similar manner.

{¶20} It is not clear from the record when the sergeant searched C.R.'s bag. It appears, however, that it was not until each of the passengers had been secured and taken some distance

from the stopped car. Upon review of the record, we conclude that the State failed to establish that, at the time he searched the bag, a reasonable person in the sergeant's position would have been justified in believing that his safety or the safety of others was at risk. Accordingly, the search does not fall within the officer-safety exception to the warrant rule. The State's fourth assignment of error is overruled.

## III.

{¶21} The trial court did not err when it granted C.R.'s motion to suppress. The judgment of the Medina County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
<u>CONCURS.</u>

WHITMORE, J.
<u>CONCURRING IN PART, AND DISSENTING IN PART.</u>

**{¶22}** Although I agree that the State's second assignment of error must be overruled, I respectfully dissent with regard to the remainder of the opinion. I would sustain the State's first assignment of error and conclude that the trial court erred by excluding evidence from the suppression hearing due to hearsay and authentication issues. Moreover, because the court's error materially prejudiced the State, I would reverse the court's decision to grant C.R.'s motion to suppress and remand the matter for further proceedings.

**{¶23}** Multiple courts have recognized that trial courts have broad discretion in the admission or exclusion of evidence in a suppression hearing. *See, e.g., State v. Scrivens*, 11th Dist. No. 2009-T-0072, 2010-Ohio-712, ¶ 12; *State v. Edwards*, 5th Dist. No. 2003 AP 09 0077, 2004-Ohio-870, ¶ 18; *State v. Bishop*, 2d Dist. No. 2003-CA-37, 2004-Ohio-6221, ¶ 18; *State v. Faykosh*, 6th Dist. No. L-01-1244, 2002-Ohio-6241, ¶ 23. The reason for the discretion, however, is that in making a preliminary determination about the admissibility of evidence a court "is not bound by the rules of evidence except those with respect to privileges." Evid.R. 104(A). The Supreme Court has specifically held that "the Rules of Evidence *do not apply to suppression hearings*." (Emphasis added.) *State v. Boczar*, 113 Ohio St.3d 148, 2007-Ohio-1251, ¶ 17. Thus, "judicial officials at suppression hearings 'may rely on hearsay and other evidence, even though that evidence would not be admissible at trial.'" *State v. Edwards*, 107 Ohio St.3d 169, 2005-Ohio-6180, ¶ 14, quoting *United States v. Raddatz*, 447 U.S. 667, 679 (1980).

**{¶24}** Although certain evidence may be inadmissible at trial due to its status as hearsay or the proponent's failure to authenticate it, "the standard of evidence required is different at the suppression level." *Bozcar* at ¶ 17.

> During a pretrial oral hearing on a motion to suppress evidence the trial court is not required to adhere strictly to the exclusionary rules of evidence in making a preliminary determination concerning the admissibility of evidence at a trial.
>
> Pursuant to Evid.R. 101(C)(1) and 104(A) a trial court has broad discretion concerning what evidence to permit at a pretrial motion to suppress hearing. *Thus the status of testimony of a witness as hearsay does not per se bar its use or introduction before the court at such a hearing.*

(Emphasis added.) Hagel, Thomas, *Anderson's Ohio Criminal Practice and Procedure*, Section 24A.501.1, 377 (11th Ed.2005).

> There is * * * much to be said for the proposition that in proceedings where the judge himself is considering the admissibility of evidence, the exclusionary rules, aside from rules of privilege, should not be applicable; and the judge should receive the evidence and give it such weight as his judgment and experience counsel. However that may be, certainly there should be no automatic rule against the reception of hearsay evidence in such proceedings * * *.

*United States v. Matlock*, 415 U.S. 164, 175 (1974). Were it otherwise, the State would be required to try at least a portion of its case to procedural perfection twice; once at the suppression stage and once at the trial stage. Out of an abundance of caution, the State would have to procure the appearance of every declarant and every custodian at every suppression hearing only to recall the same witnesses for trial. The time and expense involved would be great. Moreover, such a requirement would conflict with certain practical realities and accepted legal principles. "Search warrants are repeatedly issued on ex parte affidavits containing out-of-court statements of identified and unidentified persons." *Id.* at 174. Additionally, absent a demonstrated need for disclosure, the State has a privilege to "withhold from disclosure the identities of those who give information to the police about crimes." *State v. Calhoun*, 9th Dist. No. 26144, 2012-Ohio-2374, ¶ 8, quoting *State v. Bays*, 87 Ohio St.3d 15, 24 (1999). The idea that a trial court may reject

certain evidence at a suppression hearing strictly because it is hearsay or unauthenticated runs afoul of the foregoing principles.

**{¶25}** On redirect examination, the State asked Officer Fink whether, through his investigation, he had been "made aware of information on where [C.R.'s backpack] was located in the vehicle." Defense counsel then objected on the basis of hearsay, and the trial court asked the prosecutor whether any hearsay exception applied. The prosecutor responded by stating that, per the Rules of Evidence, witnesses are permitted to testify as to hearsay statements at a suppression hearing. The court then sustained the hearsay objection absent any further explanation. The State proffered that, had Officer Fink been permitted to answer, he would have testified that the information he received was that C.R.'s bag had been found in the vehicle. The State also notified the court that it had subpoenaed the sergeant who acted as the lead officer in this case for the hearing, but that he was unable to attend due to an emergency. Nevertheless, the court refused to allow Officer Fink to testify as to the location of C.R.'s bag.

**{¶26}** The record supports the conclusion that *the only reason* the court refused to permit Officer Fink to answer was that his answer was hearsay. A trial court cannot strike evidence at a suppression hearing for the sole reason that it fails to strictly comport with the hearsay rules. *See Boczar* at ¶ 17 ("[T]he Rules of Evidence do not apply to suppression hearings."). The State was entitled to rely upon the Supreme Court's mandate in *Boczar*, which stemmed from a plain language reading of the Rules of Evidence. I would conclude that, by refusing to allow Officer Fink to answer, the trial court abused its discretion. *See State v. Amilcar*, 10th Dist. No. 08AP-357, 2008-Ohio-6918, ¶ 35 ("While appellant argues that these statements were inadmissible hearsay, the rules of evidence do not bar the admission of hearsay at a suppression hearing. * * * Thus, even if counsel had objected, the testimony still would have

been admissible."); *Edwards*, 2004-Ohio-870, at ¶ 19 ("[H]earsay evidence is not per se barred from use at a suppression hearing * * *."); *State v. Woodring*, 63 Ohio App.3d 79, 81 (11th Dist.1989) ("The acting judge's decision to exclude the testimony therefore constituted an abuse of discretion because the testimony's undisputed status as hearsay does not *per se* bar its use in this instance * * *.").

{¶27} The State was materially prejudiced by the court's exclusion of Officer Fink's testimony. The trial court granted C.R.'s motion to suppress because the State failed to prove the applicability of one of the established exceptions to the warrant requirement. Everyone agreed at the suppression hearing that the applicable exception here was the inventory exception. *See State v. Goss*, 9th Dist. No. 10CA009940, 2012-Ohio-857, ¶ 8-9 (routine inventory search of a lawfully impounded vehicle allows police to search contents of vehicle as well as any closed containers, pursuant to established policy). The trial court held that the State failed to meet its burden of establishing the exception because no one testified where C.R.'s backpack was found. Officer Fink's excluded testimony would have been competent evidence that the backpack was found in the vehicle. Because the defense witnesses testified that the backpack was removed from the vehicle and placed on the trunk, the issue of the backpack's location then would have been a matter of credibility for the court to resolve in favor of either the State or C.R. *See State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. Because of its earlier ruling, the court here failed to engage in any credibility determination. Accordingly, the court's ruling materially prejudiced the State.

{¶28} For the reasons set forth above, I also would conclude that it was error for the trial court to exclude the State's Exhibit 2 (the inventory report) on the sole basis that it was not properly authenticated. *See Boczar*, 113 Ohio St.3d 148, 2007-Ohio-1251, at ¶ 17 ("[T]he Rules

of Evidence do not apply to suppression hearings."). *See also State v. Keene*, 7th Dist. No. 08 MA 95, 2009-Ohio-1201, ¶ 46-47. Nevertheless, I agree that the State's second assignment of error must be overruled because the State failed to proffer the contents of the report and, thus, cannot demonstrate prejudice as a result of the report's exclusion. Therefore, I would sustain the State's first assignment of error and overrule its second assignment of error. Because the trial court never made a credibility determination in the first instance, I would not reach the State's third assignment of error. Instead, I would remand the matter for the trial court to make a credibility determination in the first instance with the understanding that the State produced competent evidence in support of the inventory exception to the warrant requirement. *See Burnside* at ¶ 8. Based upon the foregoing resolution, I would conclude that the State's fourth assignment of error is moot and decline to address it. *See* App.R. 12(A)(1)(c). Therefore, I respectfully concur in part and dissent in part.

APPEARANCES:

DEAN HOLMAN, Prosecuting Attorney, and MICHAEL O. MCGINTY, Assistant Prosecuting Attorney, for Appellant.

L. RAY JONES, Attorney at Law, for Appellee.