[Cite as *In re J.R.*, 2022-Ohio-2231.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

IN RE: J.R.

C.A. No.     30144

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     DL 20 12 0912

DECISION AND JOURNAL ENTRY

Dated: June 29, 2022

CARR, Judge.

{¶1}     Appellant J.R. appeals from the judgment of the Summit County Court of Common Pleas, Juvenile Division, adjudicating him delinquent.  This Court affirms.

I.

{¶2}     On November 28, 2020, J.R. was a backseat passenger in a vehicle that was subject to a traffic stop.  Two other individuals were in the vehicle.  When a gun was discovered in the backseat of the vehicle, J.R. was arrested.

{¶3}     In December 2020, complaints were filed alleging that J.R. was a delinquent child for violating R.C. 2923.16(B), improperly handling a firearm in a motor vehicle, and R.C. 2923.201(A)(2), possessing a defaced firearm.  J.R. filed a motion to suppress and a supplement to the motion to suppress.  Inter alia, J.R. argued that his statements made to police were obtained in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966).  The State responded in opposition arguing that *Miranda* warnings were not required as J.R. was not in custody at the time.  Further,

the State pointed out that, at the time J.R. was arrested, *Miranda* warnings were then given. The matter proceeded to a hearing before a magistrate.

{¶4} On June 4, 2021, the magistrate filed what it labeled a "Magistrate's Order[,]" which sustained in part and overruled in part the motion to suppress.[1] The order included language specifying that any party could move to set aside the order within 10 days. All statements made by J.R. were ordered suppressed aside from his statement indicating that the firearm was real. J.R. was found to be in custody at the time he made the statement the firearm was real; however, the magistrate determined that the public safety exception applied.

{¶5} On June 15, 2021, J.R. filed objections to the "Magistrate's Order[.]" Inter alia, he contended that the public safety exception was inapplicable. The objections were amended when the transcript was filed in the trial court.

{¶6} On July 14, 2021, the trial court issued a decision overruling the objections to the "Magistrate's Decision[.]" Thereafter, J.R. entered a no contest plea and he was adjudicated delinquent of the charges. Dispositional orders were then entered. J.R. has appealed, raising a single assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED BY DENYING J.R.'S MOTION TO SUPPRESS
THE STATEMENT ANSWERING THE OFFICER'S QUESTION WHETHER
THE GUN WAS "REAL OR FAKE."

---

[1] The ruling was a decision and not an order, as later noted by the trial court. *See In re J.B.*, 8th Dist. Cuyahoga No. 104411, 2017-Ohio-293, ¶ 7-18; *see also State v. Chagaris*, 107 Ohio App.3d 551, 556 (9th Dist.1995) (noting a motion to suppress is a dispositive motion). Here, while the magistrate's entry was undoubtedly confusing, no prejudice has been demonstrated as J.R. filed objections which were considered by the trial court. *Compare In re T.S.*, 9th Dist. Medina No. 11CA0033-M, 2012-Ohio-858, ¶ 8 (reversing where juvenile did not have opportunity to file objections).

**{¶7}** J.R. argues in his sole assignment of error that the trial court erred in failing to suppress his statement to the officer that the gun was real. J.R. asserts that the public safety exception relied upon by the trial court was inapplicable given the facts of the case. Thus, he maintains that the statement should have been suppressed.

**{¶8}** "A motion to suppress evidence presents a mixed question of law and fact." *In re C.R.*, 9th Dist. Medina No. 12CA0078-M, 2013-Ohio-1724, ¶ 6, citing *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8.

> When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard.

*In re C.R.* at ¶ 6, quoting *Burnside* at ¶ 8.

**{¶9}** "The Fifth Amendment to the United States Constitution provides that no person 'shall be compelled in any criminal case to be a witness against himself.' The Fifth Amendment applies to the states through the Fourteenth Amendment." (Internal citations and quotations omitted.) *State v. Rafferty*, 9th Dist. Summit No. 26724, 2015-Ohio-1629, ¶ 31. "When a person is subject to a custodial interrogation, he must be informed of his rights to remain silent and to an attorney. * * * Juveniles are entitled both to protection against compulsory self-incrimination under the Fifth Amendment and to *Miranda* warnings where applicable." (Internal citations and quotations omitted.) *Id.*

**{¶10}** "Under *Miranda*, the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." (Internal

citations and quotations omitted.) *State v. Maxwell*, 139 Ohio St.3d 12, 2014-Ohio-1019, ¶ 113.

"However, when officers ask 'questions necessary to secure their own safety or the safety of the public' as opposed to 'questions designed solely to elicit testimonial evidence from a suspect,' they do not need to provide the warnings required by *Miranda*." *Id.*, quoting *New York v. Quarles*, 467 U.S. 649, 659 (1984). "For an officer to have a reasonable belief that he is in danger, and thus for the exception to apply, he must have reason to believe (1) that the defendant might have (or recently have had) a weapon, and (2) that someone other than police might gain access to that weapon and inflict harm with it." (Internal quotations omitted.) *Maxwell* at ¶ 117, quoting *United State v. Williams*, 483 F.3d 425, 428 (6th Cir.2007). "[T]his evaluation of the applicability of the *Quarles* exception 'takes into consideration a number of factors, which may include the known history and characteristics of the suspect, the known facts and circumstances of the alleged crime, and the facts and circumstances confronted by the officer when he undertakes the arrest.'" *Maxwell* at ¶ 117, quoting *Williams* at 428.

{¶11} The trial court summarized the facts as follows in its ruling on the objections:

[O]n November 28, 2020, Officer Dylan Falconer of the Copley Police Department executed a traffic stop on a vehicle in which the Juvenile was a passenger[.] Officer Falconer testified that the vehicle was not properly displaying its license plate and that the vehicle made a left turn without signaling[.] Officer Falconer approached the vehicle and observed a temporary license plate in the window[.] Officer Falconer testified that he initially spoke with the driver, who did not have a driver's license[.] Officer Falconer testified that he smelled burnt marijuana from the vehicle, and that the driver had indicated that the occupants were coming from a recording studio and that they had smoked marijuana at the studio, but that there was no marijuana in the car[.] Officer Falconer observed the driver, a front-seat passenger, and the Juvenile, who was seated on the passenger side in the rear of the vehicle. Officer Falconer and Officer Daniel See, another officer of the Copley Police Department [who] had responded as back up, removed the occupants from the vehicle and had the occupants stand in front of the police cruiser[.] Officer Falconer was preparing to perform a probable cause search while Officer See kept an eye on the vehicle's occupants[.] The Juvenile requested to go back to the car to retrieve his cell phone[.] Officer See testified that he walked with the Juvenile back to the vehicle and watched the Juvenile retrieve his phone[.] At that time,

Officer See testified that he observed in plain view the butt of a handgun in some clothing in the rear of the vehicle[.] Officer See asked the Juvenile whether the gun was real or fake, and the Juvenile responded that it was real[.] Officer See then handcuffed the Juvenile, advised the Juvenile of his [*Miranda*] rights, and placed the Juvenile under arrest[.] Officer See then continued to ask questions of the Juvenile while processing the Juvenile in Officer See's police cruiser[.]

**{¶12}** The trial court agreed with the magistrate that J.R. was in custody and that the public safety exception applied. In so doing, the trial court concluded that the exception applied because J.R. was not handcuffed at the time, had free range of movement, and the question posed by the officer related directly to the officer's concern for officer and public safety.

**{¶13}** We agree that the public safety exception applies given the specific facts of this case. When discussing why Officer See asked J.R. if the firearm was real, Officer See explained that officers find a mix of both real and fake guns and that it was a safety issue. Even though he also agreed that they would have proceeded the same way no matter what J.R. had said, Officer See indicated that there is a heightened awareness of risk if they are told it is real, and the question also helps officers judge whether the suspect is being honest.

**{¶14}** Here, Officer See accompanied J.R. back to the vehicle to retrieve the cell phone. Based upon the testimony, it appears that Officer Falconer was also at or near the vehicle at the time. The other two occupants were in front of the police cruiser in front of the headlights so they could be seen in the dark. J.R. was not handcuffed and had free range of movement at the time the gun was located. In addition, there was no evidence that the two other occupants were restrained either. Thus, there were two officers to manage three individuals. Given J.R.'s proximity to the vehicle, and the gun, there was a concern for the officers' safety. Based upon the facts before us, we conclude that the test set forth in *Maxwell* was satisfied and the public safety exception applied. *See Maxwell*, 139 Ohio St.3d 12, 2014-Ohio-1019, at ¶ 117, quoting *Williams*, 483 F.3d at 428. Certainly, the evidence establishes that J.R. recently had access to the weapon;

moreover, this Court concludes that the evidence also supports "that someone other than police might [have] gain[ed] access to that weapon and inflict[ed] harm with it." *Maxwell*, at ¶ 117, quoting *Williams* at 428. At the time Officer See asked the question, the gun was not yet secured, and neither was J.R.

{¶15} Moreover, we fail to see how J.R. would be prejudiced by his statement to the officer that the gun was real. J.R. has not explained on appeal how this statement would incriminate him. Even if J.R. knew about the presence of a real gun, that does not necessarily require the conclusion, or provide evidence, that he possessed it. Thus, irrespective of whether the statement should have been suppressed, J.R. has failed to even argue that he was prejudiced by its admission.

{¶16} Given the foregoing, J.R.'s assignment of error is overruled.

III.

{¶17} J.R.'s assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
CONCURRING IN JUDGMENT ONLY.

{¶18} I agree with the majority's decision to affirm the judgment of the trial court. I, however, would not reach the merits of whether the public safety exception applied because, even if it did not, J.R. has not explained how he suffered prejudice as a result of the admission of the statement at issue. *See State v. Mastice*, 9th Dist. Wayne No. 06CA0050, 2007-Ohio-4107, ¶ 7, citing App.R. 16(A)(7) ("An appellant has the burden of demonstrating error on appeal."); *State v. Haywood*, 9th Dist. Summit No. 28040, 2017-Ohio-8299, ¶ 25 (declining to address the appellant's argument that the trial court erred by failing to suppress the appellant's "non-*Mirandized*" statements, in part, because the appellant failed to explain how he suffered prejudice); *see* Crim.R. 52(A) ("Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded."). I would conclude that J.R.'s failure to argue, much less establish, that he suffered prejudice is dispositive of his assignment of error. I, therefore, concur in judgment only.

CALLAHAN, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

SUSAN MANOFSKY, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.