JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} Defendant-appellant, Darren Troutman ("appellant"), appeals the trial court's denial of his motion to suppress and his conviction for operating a motor vehicle while under the influence of alcohol. For the reasons set forth below, we affirm.
 {¶ 2} On August 16, 2005, appellant was charged with the following violations of the Ohio Revised Code and the Strongsville Codified Ordinances ("SCO"): driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1); driving while under suspension, in violation of R.C. 4510.11(A); failing to display a front license plate, in violation of SCO 436.09; having a fictitious driver's license, in violation of SCO 436.03; and underage possession of alcohol, in violation of SCO 612.021. On *Page 3 
December 20, 2005, appellant filed a motion to suppress the evidence derived from the motor vehicle stop of appellant. On that date, the trial court denied appellant's motion as untimely. Therefore, on December 27, 2005, appellant filed a motion to reconsider dismissal of the motion to suppress and requested that the court set an evidentiary hearing on the motion. On January 20, 2006, the trial court held a hearing concerning appellant's motion. At the hearing, the following pertinent facts were established.
 {¶ 3} On August 16, 2005, at a little past 2:00 a.m., Jeffrey Steving, a patrolman with the Strongsville Police Department, stopped appellant's vehicle for not having a front license plate. As the officer approached, he observed an unopened 12-pack of beer in the backseat. Officer Steving greeted appellant and requested his license and insurance. At that time, the officer noticed appellant's glassy eyes. Appellant complied with the officer's request and handed him proof of insurance as well as paperwork from Berea Municipal Court regarding his driving suspension. Appellant explained that he was on his way home from his father's tavern. Appellant was clearly driving outside of his driving privileges.
 {¶ 4} After reviewing the paperwork, Officer Steving noted that appellant was only 19 years old and legally was not permitted to be in possession of the beer in the vehicle. Officer Steving asked appellant to exit his vehicle. As the officer spoke with appellant, Officer Steving detected a moderate order of alcohol and noted appellant's slurred speech. Based on the slurred speech, glassy eyes, moderate *Page 4 
odor of alcohol, time of night, appellant's admission of coming from a tavern, and beer in the back seat of the vehicle, Officer Steving decided to conduct a field sobriety test of appellant. The results of the filed sobriety tests indicated that appellant was at an impaired level. Therefore, Officer Steving placed appellant under arrest for operating a motor vehicle under the influence of alcohol.
 {¶ 5} Based on the aforementioned testimony, the trial court denied appellant's motion to suppress.
 {¶ 6} Subsequently, the case proceeded to a jury trial. On February 14, 2006, the jury returned a guilty verdict against appellant on all charges. The trial court sentenced appellant to ten days jail time, which was stayed pending appeal.
 {¶ 7} Appellant now appeals and asserts two assignments of error for our review. Appellant's first assignment of error states:
 {¶ 8} "The trial court erred in determining that Officer Steving had a reasonable suspicion that appellant was under the influence of alcohol; appellant's detention for field sobriety testing exceed the scope of the purpose of the original traffic stop and was in violation of the Fourth Amendment and Article I, Section 14 of the Ohio Constitution."
 {¶ 9} Within this assignment of error, appellant argues that the arresting officer did not have a reasonable and articulable suspicion to detain appellant after the traffic stop and thereafter conduct field sobriety tests. We find appellant's proposition without merit. *Page 5 
 {¶ 10} With regard to procedure, we note that this court set forth the standard of review for a trial court's denial of a motion to suppress inState v. Curry (1994), 95 Ohio App.3d 93, 96, 641 N.E.2d 1172, which states:
 {¶ 11} "In a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate witness credibility. State v. Clay (1973),34 Ohio St.2d 250, 63 Ohio Op.2d 391, 298 N.E.2d 137. A reviewing court is bound to accept those findings of fact if supported by competent, credible evidence. See State v. Schiebel (1990), 55 Ohio St.3d 71, 564 N.E.2d 54. However, without deference to the trial court's conclusion, it must be determined independently whether, as a matter of law, the facts meet the appropriate legal standard. State v. Claytor (1993), 85 Ohio App.3d 623,627, 620 N.E.2d 906."
 {¶ 12} A police officer may briefly stop and detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that "criminal activity may be afoot," even if the officer lacks probable cause to make an arrest. Terry v.Ohio (1968), 392 U.S. 1, 20 L.Ed.2d 889, 88 S.Ct. 1868.
 {¶ 13} As conceded by appellant, Officer Steving lawfully stopped appellant's vehicle for the traffic violation of failing to display a front license plate. See State v. Evans (1993), 67 Ohio St.3d 405, 407,1993-Ohio-186, 618 N.E.2d 162; State v. Bradford (July 8, 1998), Medina App. No. 2752-M; State v. Holloway (Jan. 10, 1997), Clark App. No. 96-CA-51. Additionally, Officer Steving was legally permitted to order *Page 6 
appellant from the vehicle as part of the traffic stop. Evans, supra at 407-408. The inquiry, therefore, becomes whether Officer Steving had a reasonable suspicion to administer field sobriety tests thereafter.
 {¶ 14} In the instant matter, Officer Steving had a reasonable suspicion that appellant was under the influence of alcohol. Appellant was stopped on a weekday night after 2:00 a.m. in the morning. His eyes were glassy, his speech slurred, he moderately smelled of alcohol, and there was a 12-pack of beer in plain view in the back seat of the vehicle. Furthermore, a review of appellant's license indicated that he was under the age of 21 and was clearly driving outside the time limits of his occupational privileges. Additionally, appellant told the officer he was driving home from a bar. The totality of the facts and circumstances indicates that Officer Steving had a reasonable suspicion to administer field sobriety tests.
 {¶ 15} In support of his contention, appellant relies on several cases we find unpersuasive in the instant matter. In City of Cleveland v.Sanders, Cuyahoga App. No. 83073, 2004-Ohio-4473, the court found the arresting officer did not have probable cause to arrest the defendant where the officer did not administer a field sobriety test, but arrested appellant based only on observations that the defendant had dilated eyes, the defendant's breath smelled of alcohol, and the defendant admitted to having one beer. The court noted that, while the officer performed a portable breathalyzer test on the defendant, such a test was not recognized by the Ohio Department of Health. Accordingly, the court held, without a field sobriety test, *Page 7 
the arresting officer did not have probable cause to arrest the defendant.
 {¶ 16} Sanders, supra, is inapplicable to the instant case because Officer Steving did conduct a field sobriety test which indicated appellant was at an impaired level. Therefore, appellant's failure of the sobriety tests, in addition to the officer observing alcohol on appellant's back seat, appellant's glassy eyes, slurred speech, and the odor of alcohol, provided Officer Steving with probable cause to arrest appellant.
 {¶ 17} Appellant also relies on State v. Evans (1998),127 Ohio App.3d 56, 711 N.E.2d 761. In that case, the court found that the officer had a reasonable suspicion the defendant was driving while under the influence of alcohol. The officer received a dispatch report regarding the defendant's impaired driving, smelled alcohol on his person, and the defendant admitted to consuming a few beers. The court cited a non-exhaustive list of factors to be considered in a totality of the circumstances analysis of whether an officer had a reasonable suspicion sufficient to conduct roadside sobriety tests.
 {¶ 18} Lastly, appellant relies on State v. Dixon (Dec. 1, 2000), Greene App. No. 2000-CA-30. In Dixon, the court held an officer pulling over a motorist for a tinted window violation improperly conducted field sobriety tests where the officer merely detected an odor of alcohol, glassy eyes, and the defendant admitted to having one or two beers.
 {¶ 19} Appellant maintains that few to none of the Evans factors apply in the *Page 8 
instant matter. We disagree and find the above cases inherently different from the case sub judice. As previously stated, appellant was driving after midnight on a weekday and under a suspended license. Additionally, he admitted coming from a tavern, he had glassy eyes, slurred speech and smelled of alcohol. Moreover, Officer Steving observed a 12-pack of beer in plain view in the back seat. All of these factors, coupled with the officer's experience and training, were sufficient to create a reasonable suspicion that appellant was driving under the influence. Accordingly, Officer Steving was legally justified in conducting field sobriety tests. Therefore, appellant's first assignment of error is overruled.
 {¶ 20} Appellant's second assignment of error states:
 {¶ 21} "The trial court erred in determining that Officer Steving had probable cause to arrest appellant for driving under the influence of alcohol, to wit, the field sobriety tests were not conducted in strict or substantial compliance with NHTSA, the results should not have been considered, and the remaining evidence did not support probable cause."
 {¶ 22} In Ohio, a warrantless arrest in an operating a motor vehicle while intoxicated case is constitutional so long as, at that moment, the officer had probable cause to make the arrest. State v. Woodards (1966),6 Ohio St.2d 14, 215 N.E.2d 568. In order for the results of a field sobriety test to serve as evidence of probable cause to arrest, the police must have administered the test in substantial compliance, rather than strict compliance, with standardized testing procedures. R.C.4511.19; *Page 9 
R.C. 4511.19; State v. Schmitt, 101 Ohio St.3d 79, 82, 2004-Ohio-37,801 N.E.2d 446.
 {¶ 23} In this case, appellant maintains that the trial court erred in determining Officer Steving substantially complied with the National Highway Traffic Safety Administrative Manual ("NHTSA") when conducting the filed sobriety tests. We disagree.
 {¶ 24} Regarding the Horizontal Gaze Nystagmus ("HGN") test, appellant argues that Officer Steving failed to comply with the NHTSA's procedures by failing to instruct appellant prior to administering the test that the officer was going to check his eyes. Additionally, appellant maintains Officer Steving failed to follow NHTSA procedures when he directed appellant to hold his hands to his face while performing the test, that he moved the stimulus too slowly across appellant's field of vision when checking for the onset nystagmus, and that he held the stimulus too close to appellant's nose.
 {¶ 25} First, we note that Officer Steving testified that he instructed appellant prior to administering the HGN test. Additionally, we find Officer Steving's instruction to appellant to hold his hands on his face was a minimal procedural deviation from NHTSA standards and was only to assure the officer's safety while conducting the test. Furthermore, while not in strict compliance with NHTSA's procedures, we find that moving the stimulus for five seconds and not two seconds was in substantial compliance with the test. Presumably, moving the stimulus in strict compliance with *Page 10 
strict compliance with the manual would have rendered the same, if not worse, results. Finally, the manual requires the officer to hold the stimulus 12 to 15 inches from appellant's nose. While he first testified that he held the stimulus six inches from appellant's nose, Officer Steving clarified that he miscalculated the distance and actually held the stimulus 12 inches from his nose. Accordingly, we find Officer Steving substantially complied with the NHTSA standards.
 {¶ 26} With regard to the walk and turn test, appellant contends that he did not fail the test because he never lost balance or hopped. Additionally, appellant argues that the officer incorrectly graded appellant as not walking heel-to-toe. Appellant, however, ignores Officer Steving's testimony that during this test, appellant could not keep his balance, did not touch his heels to his toes, raised his arms more than six inches, took more steps than instructed, and stepped off the line on three separate occasions. The NHTSA lists eight clues an officer should be conscious of when conducting the test. When a suspect produces two or more clues, or is unable to complete the test by stepping off the line three or more times, the manual provides that the suspect's blood alcohol content is likely to exceed 0.10. Therefore, as Officer Steving observed appellant commit five of the eight clues indicated in the NHTSA Manual, Officer Steving correctly determined appellant was at an impaired level.
 {¶ 27} Finally, with regard to the one-leg stand test, Officer Steving testified that he instructed appellant to raise one leg off the ground, keeping his hands to his *Page 11 
side, and to count to 30 in the above referenced manner. Appellant, however, raised his arms to the side for balance and put his foot down three times during the one-leg stand test. Appellant argues that he held his leg-up without incident for "one thousand and fifteen," which is the equivalent to 30 seconds. Appellant's argument is expressly rejected in the NHTSA. The instructions in the NHTSA for the one-leg test state:
 {¶ 28} "* * * the subject must raise one leg, either leg, with the foot approximately six inches off the ground, keeping raised foot parallel to the ground. While looking at the elevated foot, count out loud in the following manner: `one thousand and one,' `one thousand and two,' `one thousand and three' until told to stop."
 {¶ 29} The manual further provides that the officer should assure that the suspect can hold his leg up with his arms to the side for 30 seconds, counting in the aforementioned manner.
 {¶ 30} Officer Steving substantially complied with NHTSA standards and correctly determined appellant was unable to perform the one-leg test.
 {¶ 31} Therefore, we find the results of the field sobriety tests admissible and affirm the trial court's determination that probable cause existed to arrest appellant for operating a motor vehicle while under the influence. Appellant's second assignment of error is overruled.
 Judgment affirmed. *Page 12 
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Berea Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 CHRISTINE T. McMONAGLE, P.J., and PATRICIA ANN BLACKMON, J., CONCUR. *Page 1