JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Lareco Davy, appeals from his conviction for drug possession, drug trafficking, and possession of criminal tools. He asserts that the court erred by denying his motion to suppress and that the evidence was insufficient to support his conviction. We find no error in the proceedings below and affirm.
 {¶ 2} Appellant was charged in a three-count indictment filed June 14, 2007, with drug possession, drug trafficking, and possession of criminal tools. He filed a written motion to suppress oral statements on June 28, 2007. The court conducted a hearing on this motion on October 9, 2007, during which the state presented the testimony of Officer Patrick Petranek and the defense presented the testimony of John Ellis, who was the driver of a vehicle in which appellant was a passenger at the time of his arrest. Officer Petranek testified that he and his partner were patrolling during the early morning hours of May 15, 2007, when they observed a northbound vehicle on Broadway Avenue with only one headlight. They pulled over the vehicle in a gas station parking lot and approached it. There were four occupants. The police officers instructed the occupants to show their hands. Three of the occupants immediately complied, but the fourth — appellant — did not. Officer Petranek saw appellant fumbling with something below his waist. Appellant then flicked an object onto the floor of the vehicle and put his hands up.
 {¶ 3} Officer Petranek's partner interviewed the driver, determined that he *Page 4 
did not have a driver's license, and removed him from the vehicle and patted him down, finding a single pill on his person. Other officers then removed appellant from the vehicle while Officer Petranek continued to guard the remaining two passengers and watch the object on the floor of the vehicle. After the remaining two passengers were removed from the vehicle, Officer Petranek removed the object, a bag containing pills. The driver and appellant were then arrested.
 {¶ 4} At the conclusion of the hearing, the court denied appellant's motion to suppress, finding that "[t]here was a valid basis for the initial stop. It was proper police procedure for the officers to be on the passenger side for protection of the other officers. And based on the defendant's motion probable cause to see what that was."
 {¶ 5} The case then proceeded to a jury trial. At trial, the jury heard the testimony of Officer Petranek and Nicole Pride, a scientific examiner with the Cleveland Police Department's forensic lab, as well as John Ellis, the driver of the vehicle, Asheinte Ransom, another passenger, and appellant. Officer Petranek again testified about the circumstances of the traffic stop of the vehicle, appellant's actions, the removal of the occupants, the recovery of the bag appellant dropped on the floor of the vehicle, and the contents of the bag, some fifty and one-half pills. Officer Petranek further testified that he recovered a "large sum of cash," specifically, $1,136, from appellant's person during booking. Ms. Pride testified that she analyzed each pill and they each tested positive for *Page 5 
methylenedioxymethamphetamine, commonly known as "Ecstasy."
 {¶ 6} Ellis testified that appellant called him and asked him to pick appellant up. Ellis, his girlfriend, Asheinte Ransom (who was the owner of the car), and another friend, "Joe," picked up appellant on Gertrude Avenue. They were returning to Ransom's house when they passed a police car, then pulled into a gas station to get gas. The police car followed. Ellis stepped out of his car. The police officers also exited their car, guns drawn, and instructed Ellis to put his hands up.
 {¶ 7} Ellis said he told the officers he had a temporary driver's license in his pocket. A police officer patted him down, removed everything from his pockets, and placed him in the police car. The police then removed appellant and Joe and searched them as well. They then took Ransom out of the car and searched her. Police let Joe and Ransom go. The police searched the vehicle "seven or eight different times." Ellis did not see the police recover anything. He denied that there was a headlight missing on the car.
 {¶ 8} Ransom testified that the car belonged to her and that there were no equipment problems. Like Ellis, she testified that they picked up appellant on Gertrude Avenue and stopped to get gas when a police car pulled up behind them. She said the police officers ordered Ellis to get back in the car, and told everyone to put their hands up. She said the police ordered everyone out of the car, one by one, and searched them, then they searched the car. She was not aware of any *Page 6 
drugs being found in the car.
 {¶ 9} Appellant testified that the police found money in his pocket and asked him where the drugs were. He said he got the money from working at EIC Global Service. He admitted that he had sold marijuana in the past. He denied ever having seen the bag of pills the police said they found in the car.
 {¶ 10} The jury returned verdicts finding appellant guilty on all counts. The court subsequently sentenced appellant to concurrent terms of two years' imprisonment on the drug possession and drug trafficking charges and six months' imprisonment on the charge of possession of criminal tools.
 {¶ 11} In his first assignment of error, appellant contends that the court erred by overruling his motion to suppress. As a passenger in the vehicle, appellant had standing to challenge the initial stop. If the stop was invalid, then any evidence discovered and seized must be excluded as "fruit of the poisonous tree." Brendlin v. California
(2007), 127 S.Ct. 2400. The police officers here had probable cause to stop the vehicle because of an equipment violation, specifically, a broken headlamp. See, e.g., Whren v. United States (1996), 517 U.S. 806;Dayton v. Erikson, 76 Ohio St.3d 3, 1996-Ohio-431; State v.Edwards, Tuscarawas App. No. 2003 AP 09 0077, 2004-Ohio-870, ¶ 9. Furthermore, appellant's behavior in throwing the object to the floor of the vehicle provided a reasonable suspicion of criminal activity sufficient to justify the officers in further detaining appellant while they investigated. See Strongsville v. Troutman, Cuyahoga App. No. 88218, *Page 7 2007-Ohio-1310, ¶ 12, 14; State v. Smith, Cuyahoga App. No. 87735, 2007-Ohio-281. Therefore, we find the initial stop and the detention of appellant was valid.
 {¶ 12} Appellant did not claim ownership or any other interest in the vehicle giving him a legitimate expectation of privacy in the vehicle. Therefore, he has no standing to challenge the search of the car itself. See State v. Rakas (1978), 439 U.S. 128; State v. Weis, Mercer App. No. 10-06-22, 2007-Ohio-2279, ¶ 27.
 {¶ 13} Accordingly, we overrule the first assignment of error.
 {¶ 14} The second assignment of error asserts that the evidence was insufficient to support appellant's conviction and that his conviction was against the manifest weight of the evidence, but appellant's brief only argues the weight of the evidence, not its sufficiency. Appellant contends that Officer Petranek's testimony did not come out of his own observations and was inconsistent with the testimony of defense witnesses Ellis and Ransom. We disagree. Appellant does not explain what portion of Petranek's testimony he believed to have been based on information he received from other officers rather than his own observations. To the extent that appellant believed Petranek's testimony was not based on personal observation, appellant certainly could have pointed this out on cross-examination. In any case, the most relevant parts of his testimony were based on personal observation. Petranek testified that he saw appellant drop something on the floor of the car, and Petranek recovered that object, a bag containing fifty and one-half "Ecstasy" pills. Petranek also recovered the money from appellant's *Page 8 
person. Ellis and Ransom both occupied the front seats of the vehicle. They were not in a position to observe what appellant was doing in the back seat. Therefore, we cannot say that the jury clearly lost its way or created such a manifest miscarriage of justice that a new trial is required. See, e.g., State v. Thompkins (1997), 78 Ohio St.3d 380, 387.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 PATRICIA ANN BLACKMON, J., and FRANK D. CELEBREZZE, JR., J., CONCUR *Page 1