[Cite as *State v. Diaz*, **2017-Ohio-262.**]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Sheila G. Farmer, P. J.<br>Hon. John W. Wise, J. |
|     Plaintiff-Appellee | Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 2016 CA 00113 |
| CONCEPCION DIAZ | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common Pleas, Case No. 2015CR01601


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      January 23, 2017


APPEARANCES:

For Plaintiff-Appellee

JOHN D. FERRERO
PROSECUTING ATTORNEY
KRISTINE W. BEARD
ASSISTANT PROSECUTOR
110 Central Plaza South, Suite 510
Canton, Ohio  44702-1413

For Defendant-Appellant

BERNARD L. HUNT
2395 McGinty Road, NW
North Canton, Ohio  44720

*Wise, J.*

**{¶1}** Defendant-Appellant Concepcion Diaz appeals from his conviction, in the Court of Common Pleas, Stark County, on several felony counts connected to his illegal cultivation of marihuana. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

**{¶2}** On October 3, 2015, one of appellant's next-door neighbors made a complaint to Alliance law enforcement officials that Appellant Diaz was growing marihuana in his backyard at 130 West Vine. Officers from the Alliance Police Department responded. They were familiar with appellant's home based upon prior complaints of drug activity at that location. Officer Shannon McCalla stood on the complainant's property and observed three marihuana plants in buckets in an empty swimming pool in the back yard of appellant's home. The plants were protected by a wire fence. *See* Tr. at 4-8.

**{¶3}** At the time in question, appellant was inside the house with a female companion, Sarah Jackson. After Officer McCalla had observed the plants, the officers went up to the rear of the house. Officer Donald Bartolet, observing activity in the rear part of the house's interior, walked onto the back porch and knocked on a sliding glass door. Through this door the officers observed appellant and Sarah Jackson cutting dried marihuana and putting it in jars. The officers also observed a digital scale and other drug paraphernalia in the kitchen. Appellant answered the door and spoke in a cooperative manner with the officers. Appellant admitted he was growing marihuana in the backyard. Appellant told the officers how to get through the fence and into the pool area. Tr. at 11, 14, 46. Officer McCalla thereupon entered the pool area and retrieved the three marihuana plants.

**{¶4}** Appellant was nonetheless reluctant to consent to the search of his home; accordingly, Detective Minich, who had arrived at the scene, left to obtain a search warrant. In the meantime, appellant and Jackson were permitted to go back inside, accompanied by the officers, to get their coats and some cigarettes. The officers secured the property and performed a protective sweep of the house. Appellant and Jackson sat in a police cruiser while the warrant was being obtained.

**{¶5}** As a result of the ensuing search of the house after the two officers returned with the warrant, more than 3000 grams of marihuana were seized. Appellant was arrested at the scene. On December 24, 2015, appellant was indicted on felony charges of marihuana possession, illegal cultivation of marihuana, and trafficking in marihuana. He thereafter entered pleas of not guilty to all charges.

**{¶6}** On January 28, 2016, appellant filed a motion to suppress. Appellant filed a supplement to the suppression motion on February 17, 2016. Following a hearing, the trial court denied the motion to suppress.

**{¶7}** On April 26, 2016, appellant pled no contest to and was found guilty of possession of marihuana (R.C. 2925.11(A)(C)(3)(d)), illegal cultivation of marihuana (R.C. 2925.04(A)(C)(5)(d), and trafficking in marihuana (R.C. 2925.03(A)(2)(C)(3)(c)).

**{¶8}** On April 29, 2016, appellant was sentenced to twelve months in prison for the count of possession marihuana, twelve months for the count of illegal cultivation, and twelve months for trafficking in marihuana. The terms were ordered to be served concurrently.

{¶9} On June 6, 2016, appellant filed a notice of appeal, subsequently obtaining leave from this Court for a delayed appeal. He herein raises the following two Assignments of Error:

{¶10} "I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS.

{¶11} "II. THE TRIAL COURT ERRED WHEN IT ADMITTED HEARSAY EVIDENCE DURING THE MOTION TO SUPPRESS HEARING."

I.

{¶12} In his First Assignment of Error, appellant contends the trial court erred in overruling his motion to suppress. We disagree.

{¶13} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's finding of fact. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this third type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case. See State v. Fanning (1982), 1 Ohio St.3d 19, 437 N.E.2d 583; State v. Williams (1993), 86 Ohio App.3d 37, 619 N.E.2d 1141; State v. Curry (1994), 95 Ohio App.3d 93, 96, 641 N.E.2d 1172; State v. Claytor (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906; State v. Guysinger (1993), 86 Ohio App.3d 592, 621 N.E.2d 726. The United States Supreme Court has held that "* * * as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo

on appeal." *Ornelas v. U.S.* (1996), 517 U.S. 690, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911.

### *Outside Property Search*

**{¶14}** We first consider the officers' seizure of the marihuana plants from the empty swimming pool in appellant's back yard.

**{¶15}** The Fourth Amendment to the United States Constitution protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures * * *." This Fourth Amendment protection against warrantless home entries extends to the curtilage of an individual's home. *See United States v. Dunn,* 480 U.S. 294, 300, 107 S.Ct. 1134 (1987).

**{¶16}** A warrantless search of a person's home is presumed unreasonable unless an exception to the warrant requirement is shown. *State v. Angelo*, 9th Dist. Summit No. 24751, 2009-Ohio-6966, ¶ 10. But there are several judicially recognized exceptions to the search warrant requirement. One of these is the "plain view" doctrine. *See State v. Akron Airport Post 8975* (1985), 19 Ohio St.3d 49, 51, 482 N.E.2d 606. Under the plain view exception, police may seize evidence in plain view during a lawful search if (1) the seizing officer is lawfully present at the place from which the evidence can be plainly viewed; (2) the seizing officer has a right of access to the object itself; and (3) the object's incriminating character is immediately apparent. *State v. Justice*, 5th Dist. Fairfield No. 10 CA 41, 2011-Ohio-4004, ¶ 34, citing *Horton v. California* (1990), 496 U.S. 128, 136–37. Thus, while the plain view exception gives rise to probable cause, it does not allow an officer to unlawfully trespass upon property to seize an item in the absence of a warrant, consent, or some other recognized exigency. *See State v. Littell*, 2014-Ohio-4654, 21

N.E.3d 675, ¶ 10 (9th Dist. Summit), citing *Soldal v. Cook County, Ill.,* 506 U.S. 56, 66, 113 S.Ct. 538 (1992); *Texas v. Brown,* 460 U.S. 730, 738–739, 103 S.Ct. 1535 (1983) (plurality opinion).

**{¶17}** However, "[p]olice are privileged to go upon private property when in the proper exercise of their duties." *See State v. Cook*, 5th Dist. Muskingum Nos. 2010–CA–40, 2010–CA–41, 2011-Ohio-1776, ¶ 65, citing *State v. Chapman* (1994), 97 Ohio App.3d 687, 647 N.E.2d 504. Furthermore, the porch of a residence has been held to be a public place for purposes of Fourth Amendment analysis. *Id.* at ¶ 66, citing *State v. Swonger,* 10th Dist. Franklin No. 09AP1166, 2010–Ohio–4995, ¶ 15.

**{¶18}** In the case *sub judice*, we agree with the State's responsive argument that appellant's rear porch under these circumstances did not fall under the rubric of "curtilage" for purposes of the Fourth Amendment. We note that after the uniformed officers had seen the plants from their observation point on the neighbor's property, they proceeded onto the aforesaid porch and knocked on appellant's sliding glass doors, causing appellant to come out to speak with them. The officers advised appellant that they had observed marihuana growing in his backyard. Appellant did not refuse to talk with the officers at that point; he was cooperative and told the officers how to get through the wire fence surrounding the swimming pool. One of the officers followed his directions, entered the fenced-in area, and retrieved the marihuana plants. As such, we hold this portion of the search in question fell under the plain view exception, buttressed by appellant's implicit granting of consent to search the pool area via his cooperation and his instructions to the officers concerning the outdoor marihuana plants. Therefore, the trial court did not err in refusing to exclude said contraband evidence obtained by the officers.

<u>*Interior Home Search*</u>

**{¶19}**   We next consider the officers' entry into appellant's home and the seizure of items therein. The United States Supreme Court has held that " '[a]t the very core [of the Fourth Amendment] stands the right of a man to retreat into his own home and there be free from unreasonable governmental intrusion.' " (Brackets *sic.*) *Payton v. New York* (1980), 445 U.S. 573, 589–590, 100 S.Ct. 1371, 63 L.Ed.2d 639, quoting *Silverman v. United States* (1961), 365 U.S. 505, 511, 81 S.Ct. 679, 5 L.Ed.2d 734.

**{¶20}**   The record of the suppression hearing indicates that appellant, despite his earlier cooperation regarding the outdoor marihuana plants, did not wish to consent to the officers' entry into his house. As such, a detective left the scene to request a search warrant. When the protective sweep of the house commenced, and while the officers were escorting appellant and Jackson to one of the police cruisers, the aforesaid actions to obtain a warrant were already in progress. The officers did not collect any evidence until they had a valid search warrant to enter the home.  Tr. at 42, 49, 64.

**{¶21}**   The United States Supreme Court has held that officers who enter and seize a home to preserve the status quo while waiting for a search warrant do not commit an independently sanctionable violation of the Fourth Amendment, as long as they had probable cause at the moment of entry and the seizure is not unreasonably long. *See Segura v. United States,* 468 U.S. 796, 798, 104 S.Ct. 3380. In this instance, the officers had seen marihuana-related activity through the glass doors on the back porch, giving

them probable cause of ongoing criminal activity in the house, and a warrant was secured the same day before the seizure of any contraband from inside the house.[1]

**{¶22}** Under the circumstances presented, we hold any evidence taken from the appellant's house, pursuant to the search warrant ultimately obtained, was not seized in violation of the Fourth Amendment. Furthermore, the search warrant was at least partially based on information obtained independently of the seizure of the marijuana plants and the protective sweep of the house.[2] Therefore, the trial court again did not err in refusing to exclude the interior contraband evidence obtained by the officers.

### *Miranda Warnings*

**{¶23}** Appellant lastly contends that any statements he made at the scene should have been suppressed for want of compliance with the *Miranda* rule. However, Crim.R. 47 states that a motion to suppress "shall state with particularity the grounds upon which it is made." The State's burden of proof in a motion to suppress hearing is limited to those contentions that are asserted with sufficient particularity to place the prosecutor and court on notice of the issues to be decided. *See Johnstown v. Jugan,* 5th Dist. Licking No. 95CA90, 1996 WL 243805. Failure of the defendant to adequately raise the basis of his challenge constitutes a waiver of that issue on appeal. *City of Xenia v. Wallace* (1988), 37 Ohio St.3d 216, 218–219, 524 N.E.2d 889.

---

[1] By comparison, in *Segura*, the drug evidence at issue was held admissible even though "[t]he warrant was issued and the search was performed \*\*\* some 19 hours after the agents' initial entry into the apartment." *Segura* at 801.

[2] The State maintains the search warrant was obtained with information "wholly independently" of the seizure of the plants and the officers' initial entry and protective sweep of the house.  *See* State's Brief at 12.  However, Detective Minich's search warrant affidavit, as found in the trial court file, does mention the plants as well as mason jars of marihuana observed upstairs in the house.

**{¶24}** Our review of appellant's suppression motion and supplement reveals he did not properly raise a challenge under *Miranda* before the trial court. There is a brief undeveloped reference to *Miranda* in a final "memorandum in support" in the trial court file; however, this document was not filed until after the suppression hearing. We therefore invoke the doctrine of waiver as to said issue.

**{¶25}** Appellant's First Assignment of Error is overruled.

II.

**{¶26}** In his Second Assignment of Error, appellant contends the trial court erred in admitting alleged hearsay evidence over objection during the hearing on his motion to suppress, specifically Officer McCalla's testimony as to the neighbor's statements, and Officer Minich's statements regarding information from another police department about appellant's alleged drug activities.

**{¶27}** The Ohio Rules of Evidence give a trial judge broad discretion concerning the admissibility of evidence presented at a suppression hearing. *State v. Edwards*, 5th Dist. Tuscarawas No. 2004-Ohio-870, 2003 AP 09 0077, ¶ 18. However, at a suppression hearing, a trial court may rely on hearsay and other evidence, even though that evidence would not be admissible at trial. *See Maumee v. Weisner* (1999), 87 Ohio St.3d 295, 298, 720 N.E.2d 507, quoting *United States v. Raddatz* (1980), 447 U.S. 667, 679, 100 S.Ct. 2406, 65 L.Ed.2d 424.

**{¶28}** Appellant's Second Assignment of Error is therefore overruled.

**{¶29}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.

By: Wise, J.

Farmer, P. J., and

Baldwin, J., concur.

JWW/d 0113