[Cite as *State v. Harris*, 2017-Ohio-770.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| FLEMMON HARRIS | : | Case No. 16CA54 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:              Appeal from the Court of Common
Pleas, Case No. 2016-CR-0218

JUDGMENT:                             Affirmed

DATE OF JUDGMENT:                March 2, 2017

APPEARANCES:

For Plaintiff-Appellee                             For Defendant-Appellant

DANIEL M. ROGERS                              DALE M. MUSILLI
38 South Park Street                             105 Sturges Avenue
Mansfield, OH 44902                         Mansfield, OH 44903

*Wise, Earle, J.*

{¶1}   Defendant-Appellant, Flemmon Harris, appeals the July 19, 2016 judgment of the Court of Common Pleas of Richland County, Ohio, denying his motion to suppress evidence.  Plaintiff-Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2}   On November 16, 2015, Mansfield Police Officer John Meyer arrived at 109/111 Wood Street in Mansfield, a former duplex converted into a single residence, to serve an arrest warrant on one Christopher Elliot.

{¶3}   Upon arriving at the residence, Officer Meyer observed the front door open. He looked in and witnessed appellant and others, sitting around a table covered with suspected drugs and drug paraphernalia.  Officer Meyer announced his presence and appellant grabbed a baggie containing suspected drugs and threw it underneath the table. Officer Meyer entered the residence to process the scene.

{¶4}   On April 8, 2016, the Richland County Grand Jury indicted appellant on one count of possession of heroin in violation of R.C. 2925.11.  On July 12, 2016, appellant filed a motion to suppress, claiming an illegal search.  A hearing was held on July 19, 2016.  At the conclusion of the hearing, the trial court denied the motion, finding Officer Meyer had a legitimate reason for being at the residence and had probable cause to believe he was observing criminal activity in plain view.  The trial court memorialized its decision in a judgment entry filed July 19, 2016.

{¶5}   A jury trial commenced on July 19, 2016.  A mistrial was declared, and a second trial commenced on August 29, 2016.  The jury found appellant guilty as charged.

By judgment entry filed August 31, 2016, the trial court sentenced appellant to twelve months in prison.

{¶6}    Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶7}    "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS."

I

{¶8}    Appellant claims the trial court erred in denying his motion to suppress as Officer Meyer lacked probable cause to enter the residence.  We disagree.

{¶9}    As recently stated by the Supreme Court of Ohio in *State v. Leak,* 145 Ohio St.3d 165, 2016-Ohio-154, 47 N.E.3d 821, ¶ 12:

"Appellate review of a motion to suppress presents a mixed question

of law and fact."  *State v. Burnside,* 100 Ohio St.3d 152, 2003-Ohio-5372,

797 N.E.2d 71, ¶ 8.  In ruling on a motion to suppress, "the trial court

assumes the role of trier of fact and is therefore in the best position to

resolve factual questions and evaluate the credibility of witnesses."  *Id.,*

citing *State v. Mills,* 62 Ohio St.3d 357, 366, 582 N.E.2d 972 (1992).  On

appeal, we "must accept the trial court's findings of fact if they are supported

by competent, credible evidence."  *Id.,* citing *State v. Fanning,* 1 Ohio St.3d

19, 20, 437 N.E.2d 583 (1982).  Accepting those facts as true, we must then

"independently determine as a matter of law, without deference to the

conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*

{¶10}  As the United States Supreme Court held in *Ornelas v. U.S.,* 517 U.S. 690, 116 S.Ct. 1657, 1663 (1996), "…as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

{¶11}  As explained by this court in *State v. Diaz,* 5th Dist. Stark No. 2016 CA 00113, 2017-Ohio-262, ¶ 16-17:

A warrantless search of a person's home is presumed unreasonable unless an exception to the warrant requirement is shown. *State v. Angelo,* 9th Dist. Summit No. 24751, 2009–Ohio–6966, ¶ 10.  But there are several judicially recognized exceptions to the search warrant requirement.  One of these is the "plain view" doctrine. *See State v. Akron Airport Post 8975* (1985), 19 Ohio St.3d 49, 51, 482 N.E.2d 606.  Under the plain view exception, police may seize evidence in plain view during a lawful search if (1) the seizing officer is lawfully present at the place from which the evidence can be plainly viewed; (2) the seizing officer has a right of access to the object itself; and (3) the object's incriminating character is immediately apparent. *State v. Justice,* 5th Dist. Fairfield No. 10 CA 41, 2011-Ohio-4004, ¶ 34, citing *Horton v. California* (1990), 496 U.S. 128, 136-37, 110 S.Ct. 2301, 110 L.Ed.2d 112.  Thus, while the plain view exception gives rise to probable cause, it does not allow an officer to unlawfully trespass

upon property to seize an item in the absence of a warrant, consent, or some other recognized exigency. *See State v. Littell,* 2014-Ohio-4654, 21, 21 N.E.3d 675 N.E.3d 675, ¶ 10 (9th Dist.Summit), citing *Soldal v. Cook County, Ill.,* 506 U.S. 56, 66, 113 S.Ct. 538, 121 L.Ed.2d 450 (1992); *Texas v. Brown,* 460 U.S. 730, 738–739, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983) (plurality opinion).

However, "[p]olice are privileged to go upon private property when in the proper exercise of their duties." *See State v. Cook,* 5th Dist. Muskingum Nos. 2010-CA-40, 2010-CA-41, 2011-Ohio-1776, ¶ 65, citing *State v. Chapman* (1994), 97 Ohio App.3d 687, 647 N.E.2d 504. Furthermore, the porch of a residence has been held to be a public place for purposes of Fourth Amendment analysis. *Id.* at ¶ 66, 647 N.E.2d 504, citing *State v. Swonger,* 10th Dist. Franklin No. 09AP1166, 2010-Ohio-4995, ¶ 15.

{¶12} During the suppression hearing, Officer Meyer testified he arrived at 109/111 Wood Street in Mansfield to serve an arrest warrant on one Christopher Elliot, who had listed that address as his last known address. July 19, 2016 T. at 7, 12. Officer Meyer stated he was very familiar with the address as "[w]e get calls there quite often dealing with dogs at large, drug use, prostitution, things of that nature." *Id.* at 7. He explained the building used to be a duplex, but he knew from prior calls the two halves were connected in the back. *Id.* at 8.

{¶13} As Officer Meyer approached the residence, the front door was wide open. *Id.* at 7. He explained in his normal patrolling, he drove by the residence quite often and

the door "is always open." *Id.* at 9. Officer Meyer stood on the porch outside the front door, and without going in, observed several individuals around a coffee table covered with "heroin paraphernalia, burnt spoons, loaded needles, [and] baggies***in plain view." *Id.* at 7, 14. He observed one individual (Steven Stephens) "getting ready to pull the heroin into a needle." *Id.* at 19. Officer Meyer was "probably five to six feet" away. *Id.* at 9. After Officer Meyer announced himself, appellant said "oh shit," and grabbed an item off the table and threw it underneath the table. *Id.* at 7, 14, 21. Officer Meyer stated he suspected the item contained drugs. *Id.* at 16.

{¶14} One of the four individuals, Steven Stephens, testified the front door was closed and Officer Meyer opened the door and "[c]ame right in." *Id.* at 32-33.

{¶15} We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison,* 49 Ohio St.3d 182, 552 N.E.2d 180 (1990). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997-Ohio-260, 552 N.E.2d 1159.

{¶16} At the conclusion of the hearing, the trial court denied the motion to suppress, stating the following (*Id.* at 39-40):

> And the Court has to make credibility calls all the time. In this case, I find Officer Meyer to be credible as far as his testimony. He did have a legitimate reason to be there. He did have an arrest warrant for an individual who had left that address as his residence. The address is - - even though there's 111 and 109, they are apparently one unit. They are connected.

They are attached. They're no longer two separate units. So I believe the officer had justification, a legal right to be there to serve the arrest warrant.

You are correct, Attorney Avery, the inadvertence has been removed. The incriminating nature of the residence immediately apparent. That standard has been made probable cause. So what that means is the officer had to have probable cause to believe that the items he saw were associated with criminal activity. His testimony is that he, in fact, knew that the liquid was heroin, that the items were - - he recognizes heroin and drug paraphernalia, the spoon, the liquid, the other items, and the item that was thrown on the floor. So I believe there was justification for him to seize those items.

Again, it's not as if he's not entitled to be at that residence. He did have arrest warrants for someone who has listed that as the residence. He has a right to actually be there and check the residence and made sure that Mr. Elliott is not there. He also has a right, once he sees those items through the open door, he has a right to seize those. So I'll overrule the motion to suppress.

{¶17} Based upon the foregoing cited testimony, we concur with the trial court's analysis. Officer Meyer was lawfully present on the premises, had a right of access to the evidence, and the evidence's incriminating character was immediately apparent. *Horton v. California,* 496 U.S. 128, 136-137, 110 S.Ct. 2301 (1990).

{¶18} Upon review, we find the trial court did not err in denying appellant's motion to suppress.

{¶19} The sole assignment of error is denied.

{¶20} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.

By Wise, Earle, J.

Delaney, P.J. and

Wise, John, J. concur.

EEW/sg 221